# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Thomas Evenstad, | Case No. 20-cv-864 (SRN/LIB) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| Paul Schnell, et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Application to Proceeds in forma pauperis, [Docket No. 2], as well as, his Motion for Preliminary Injunction. [Docket No. 3].

Plaintiff Thomas Evenstad did not pay the filing fee for this case, but instead, he filed an application seeking leave to proceed in forma pauperis (hereinafter "IFP"). (See, Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs [Docket No. 2]). Plaintiff's IFP Application is now before the Court, and it must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, the IFP Application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

(1)     Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

    (A)     the average monthly deposits to the prisoner's account; or
    (B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2)     After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3)     In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4)     In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act of 1995 (PLRA)—prisoners granted IFP status are not excused from paying the court filing fee altogether, as nonprisoner IFP litigants are. Instead, a prisoner granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the present case, Plaintiff's trust-account statement shows that the amount of his average monthly deposits during the preceding six-month period was $63.33, while his average balance during the same period was $3.99. Because the deposits amount exceeds the balance amount, Plaintiff's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20 percent of the average deposits amount, or $12.67.

This action will not go forward until Plaintiff's initial partial filing fee of $12.67 has been paid in full. If Plaintiff elects to pursue this action through payment of the $12.67 initial partial filing fee, the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments.[1] Prison officials will be ordered to deduct funds from Evenstad's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Plaintiff succeeds in this action.[2] If Plaintiff does not pay his initial partial filing fee within thirty (30) days of this Order's date, he will be deemed to have abandoned this action, and this Court will recommend that the case be dismissed without prejudice for lack of prosecution. See, Fed. R. Civ. P. 41(b).

The Court will now turn to Plaintiff's Motion. [Docket No. 3]. The Motion requests an "Emergency Preliminary Injunction" barring officials associated with the Minnesota Department of Corrections from "retaliating against Evenstad" based on his attempting to communicate with Defendant Schnell, making requests for certain data, or engaging in any "protected speech/actions." (Plf.'s Mot., [Docket No. 3], at 1). Plaintiff also requests an "Emergency Preliminary Injunction" barring corrections staff from housing him in a "Level 4, Close Custody / Security facility." (Id.).

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. See, 28 U.S.C. § 1914(a). On May 1, 2013, the District Courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The PLRA, however, applies only to the statutory filing fee. Thus, Plaintiff will be required to pay the unpaid balance of the $350.00 statutory filing fee—not the $400.00 total fee—in installments pursuant to § 1915(b)(2).

[2] The Court observes that portions of Plaintiff's Complaint raise certain potentially problematic issues. For instance, Plaintiff asserts in the Complaint that he is "scheduled for release to the community on April 27, 2020." To the extent Plaintiff's action challenges practices that he will no longer be subject to, his scheduled release could make some parts of his action moot. In addition, Plaintiff seeks to press claims under the Prison Rape Elimination Act (PREA). However, it is well established that the PREA does not provide a private right of action, so Plaintiff cannot sue the Defendants for alleged PREA violations. See, e.g., Glover v. Rodriguez, No. 19-cv-0304 (NEB/BRT), 2019 WL 6900830, at *2 (D. Minn. Oct. 28, 2019) (citing LeMasters v. Fabian, No. 09-cv-0702 (DSD/AJB), 2009 WL 1405176, at *2 (D. Minn. May 18, 2009)), report and recommendation adopted, 2019 WL 6894421 (D. Minn. Dec. 18, 2019). Given these substantive issues—and the fact that the Court may well find other problematic concerns in the Complaint if the action continues—Plaintiff should think carefully about to whether to pay the initial partial filing fee and continue with this action.

It is unclear whether Evenstad intends to request a temporary restraining order (TRO) or a preliminary injunction.[3] But under either interpretation, Plaintiff has failed to comply with the relevant procedural requirements.

Under Federal Rule of Civil Procedure 65(b)(1)(B), a Court may issue a TRO without notice to the adverse party only if the movant (among other things) "certifies in writing any efforts made to give notice and the reasons why it should not be required." In the present case, Plaintiff has not filed any such certification.

Furthermore, under Federal Rule of Civil Procedure 65(a)(1), a Court "may issue a preliminary injunction only on notice to the adverse party." In the present case, Defendants have yet to be served in this action, and therefore, on the record presently before the Court, Defendants have not been given any notice of Plaintiff's Motion.

As a result, whether Plaintiff seeks a preliminary injunction or a TRO, the Court recommends that Plaintiff's Motion, [Docket No. 3], be **DENIED without prejudice**.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1.  Plaintiff Thomas Evenstad must pay an initial partial filing fee of at least $12.67 within thirty (30) days of this Order's date; and

2.  If Plaintiff fails to pay the initial partial filing fee, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

---

[3] Generally speaking, a temporary restraining order (TRO) is a judicial order whose goal is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974). A Court can therefore award a TRO in situations where the relevant defendants have yet to receive notice of the TRO request (or the underlying matter itself). See, Fed. R. Civ. P. 65(b). On the other hand, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Unlike a TRO, a Court may not issue a preliminary injunction without the relevant defendants having been provided with proper notice. See, Fed. R. Civ. P. 65(a).

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Preliminary Injunction, [Docket No. 3], be **DENIED without prejudice**.

Dated: May 14, 2020                              s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).